# AGNIFILO INTRATER

December 5, 2025

**VIA ECF**
Hon. Michael E. Farbiarz
United States District Court for the District of New Jersey
2 Federal Square, Courtroom No. 4
Newark NJ, 07102

Re: <u>United States v. James Roberge</u>, Crim. A. No. 25-00339 (MEF)

Dear Judge Farbiarz:

We respectfully request the opportunity to raise, at a time convenient for the Court, an oral motion pursuant to Rules 106, 403, and 803(3). The parties have held extensive good-faith discussions on this issue but have been unable to reach agreement. On March 4, 2025, Postal Inspectors made an eight-minute recording of Mr. Roberge and his wife during a "knock and talk" at Mr. Roberge's home. The government plans to admit, in their case, just 1 minute and 40 seconds of audio through Postal Inspector Hebert. But the edited clips from this brief interaction present a misleading picture of events, and so the entire interview should, in fairness, be admitted. *See United States v. Robinson*, Crim. A. No. 25-22-1, 2025 WL 3188395 (E.D. Pa. Nov. 14, 2025) ("where [the prosecution] chooses to present specific statements about the charged events, it must include any immediately surrounding passages that are necessary to prevent those statements from being taken out of context or materially misconstrued" and "cannot fairly present [the defendant]'s admissions without also presenting his explanation of what he thought he was doing and why").

If the government is not required to present these portions of the interview on direct examination, Mr. Roberge should be permitted to introduce non-hearsay portions on cross examination to show the context of Mr. Roberge's statements and his state of mind. *United States v. Jordan,* 810 F.2d 262, 264 (D.C. Cir. 1987) (statements on tape recording not hearsay, because they were introduced to show context of appellant's responses); *United States v. Leake,* 642 F.2d 715, 720 n.6 (4th Cir. 1981) (statements "were admissible ... as necessary to explain the context in which [the defendant] made the statements revealing his state of mind"); *United States v. Williams,* 604 F.2d 1102, 1118 (8th Cir. 1979) ("the tape-recorded conversation was not hearsay because it was admitted to provide a context for [the defendant's] end of the conversation").

Sincerely,

Zach Intrater
Daniela Manzi

cc: All counsel